The bill in this case was filed for the purpose of setting aside certain transfers of real and personal property by the defendant Anthony Pepper to his wife, Mary Pepper, in fraud of creditors.
Complainant, on January 6th, 1937, recovered a judgment for about $2,000 on a note made by the Florence Piece Dye Co. and endorsed by Anthony Pepper. The original note was for the sum of $2,300 and dated about April 30th, 1936. Prior to the making of the note the indebtedness was carried as a book account for coal purchased of the complainant by the Florence Piece Dye Co. The note of April 30th, 1936, endorsed by the defendant Anthony Pepper, was renewed from time to time until October 30th, 1936, which was the last renewal and which bore the endorsement of Anthony Pepper. Anthony Pepper owned one share of stock in the Florence Piece Dye Co. and his wife owned twenty-four shares. Together Anthony Pepper and his wife owned about one-quarter of the stock of the corporation. Anthony Pepper about 1926 purchased some lots, some of which were the lots in question, and placed the title thereof in the name of himself and his wife. The Florence Piece Dye Co. was organized in October, 1932, and commenced doing business with the complainant in June, 1933. In the meantime Anthony Pepper had erected a house on the premises in question at a total cost of around $25,000. In December, 1933, he transferred a number of shares of building and loan stock to his wife and also conveyed his interest in the premises in question and certain vacant lots to his wife. In the months of April and May, 1934, Anthony Pepper opened accounts in two banks in the name of his wife, naming himself attorney and received a power of attorney from his wife to handle the same. One of these accounts was closed out in January, 1935. In April, 1935, he traded a Chevrolet car, which was registered in his name, on account of a new car and had the title of the new car placed in his wife's name. At least $2,000 of his wife's money was invested in the business and some of her money invested in the real estate. Mr. Pepper testified, when called *Page 245 
as a witness by the complainant, that the circumstances surrounding the endorsement of the company's note were, that the president of the complainant informed him that they would sue on the account unless the company gave complainant a note endorsed by himself. Complainant's solicitor argues in his brief that this conversation took place around May 30th, 1936. Anthony Pepper and his brother, Andrew Pepper, were both present at this conversation. Both testified that nothing was asked of Anthony Pepper concerning his financial standing or ability to pay the note. This is denied by Mr. De Haan, of the complainant company, who testified that Anthony Pepper said he was financially responsible.
In the first place, I am inclined to believe the testimony of Anthony Pepper and his brother that no representation was made as to his financial ability. In the second place, Anthony Pepper was called as a witness by the complainant and the complainant is bound by his answers. The Florence Piece Dye Co. never made much money. None of the other stockholders or officers of the company were asked to endorse the note nor was the wife of Anthony Pepper requested to do so. An examination of the records would have immediately disclosed the fact that Anthony Pepper had no title to the real estate in question. Most of the personal property was afterward used by Mary Pepper to assist the Florence Piece Dye Co. in its financial straits. All of the transfers were made two years before the endorsement of the note by Mr. Pepper. At the time the note was signed Anthony Pepper testified that he had a life insurance policy or policies.
I have reached the conclusion that the transfer of the real and personal property by Anthony Pepper and his wife was not made in fraud of creditors under the facts submitted in this case. The credit was not originally extended to Mr. Pepper individually. He had a perfect right to give his property to his wife if he wished as he was not personally liable during the running of this account and until two years after the transfers were made. This case does not come within the rule laid down in cases where the defendants controlled *Page 246 
the corporation or practically owned it. Complainant was endeavoring to obtain what additional security it could by inducing Mr. Pepper to endorse a note for an obligation long past due.
Under all the circumstances in this case I have reached the opinion that the bill of complaint should be dismissed.